

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00044-CR

Andrew **MENDEZ**,
Appellant

v.

**The STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2023CR9933
Honorable Christine Del Prado, Judge Presiding

PER CURIAM

Sitting:     Rebeca C. Martinez, Chief Justice
             Irene Rios, Justice
             Velia J. Meza, Justice

Delivered and Filed: May 21, 2025

DISMISSED FOR WANT OF JURISDICTION

A notice of appeal must be timely to invoke this court's jurisdiction in criminal matters. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993). Without a timely filed notice of appeal, an appellate court lacks jurisdiction to address the merits of an appeal and can take no action other than to dismiss the appeal. *See Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); Slaton, 981 S.W.2d at 210.

Appellant, Mendez, filed a motion for new trial on December 18, 2024 and a *pro se* notice of appeal on December 30, 2024. Because the sentence was imposed on October 2, 2024, Mendez needed to file a motion for new trial or notice of appeal by November 1, 2024. *See* TEX. R. APP. P. 21.4(a), 25.2(b), 26.2(a)(1).

On April 17, 2025, we ordered Mendez to show cause why this appeal should not be dismissed for want of jurisdiction. His counsel filed a response on April 21, 2025. The response does not show why we have jurisdiction. Instead, the response concedes that Mendez waived his right to appeal as part of a plea bargain.

Because the notice of appeal was untimely, we lack jurisdiction over this appeal. *See* *Castillo*, 369 S.W.3d at 198; *Slaton*, 981 S.W.2d at 210. Accordingly, we dismiss the appeal for want of jurisdiction.

PER CURIAM

DO NOT PUBLISH